## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:07-cr-00046-PPS |
| JONATHAN HOGGE, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Jonathan Hogge has filed a motion pursuant to Fed. R. Civ. P. 59(e) [Docket Entry ("DE") 280] asking me to alter or amend my Opinion and Order (DE 278) regarding his Motion to Vacate his sentence under 28 U.S.C. § 2255 (DE 255). In my 20-page Opinion and Order on the § 2255 motion I thoroughly addressed Hogge's claims. I have carefully reviewed Hogge's current motion under Rule 59(e), and I see no claims or arguments raised there that I haven't taken into consideration previously.

As I also noted in my Opinion denying Hogge's § 2255 motion, Hogge fared *very* well at sentencing given the Sentencing Guidelines range I determined, which itself gave Hogge nearly every advantage. The 84 months' imprisonment to which I sentenced Hogge is almost 40 percent less than the low end of the range that I determined to be appropriate, which was significantly lower than the range recommended by either the Pretrial Services Office or the government. To elaborate, in its Presentence Investigation Report ("PSR"), the Pretrial Services Office calculated a Sentencing Guidelines range of 210-262 months. In sentencing memoranda filed with this Court, the government argued for a range of 324-405 months while Hogge (via his attorney) argued for a range of 63-78 months. During the hearing, however, both sides made various

concessions about Hogge's point calculation under the sentencing guidelines, which meant that the government's range ended up somewhat lower than what was argued in its sentencing memorandum and Hogge's was somewhat higher than the range in his. Ultimately, as explained in detail in my March 29, 2011written opinion (DE 236), I concluded that a sentencing range of 135-168 months was appropriate. I again emphasize that I arrived at this guideline range by rejecting almost every one of the government's arguments and accepting almost every one of Hogge's arguments. *See* DE 236 at 16 ("[T]he loss amounts set out above are based largely on what Hogge admitted, rather than on amounts the government attempted to prove."). Then, based on various mitigating factors, I gave a sentence of 84 months' imprisonment, 38 percent below the 135-month low end of the Guideline range.

For the foregoing reasons, and the detailed reasoning lain out in my Opinion and Order (DE 278) regarding Hogge's Motion to Vacate his sentence under 28 U.S.C. § 2255, Hogge's motion under Fed. R. Civ. P. 59(e) (DE 280) is **DENIED**.

**SO ORDERED.**

**ENTERED**:   October 15, 2013

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**